

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEPHEN YAGMAN,

          Plaintiff - Appellant,

v.

UNITED STATES BUREAU OF
PRISONS,

          Defendant - Appellee.

No. 14-55826

D.C. No. 2:13-cv-00354-PA-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted May 4, 2015[**]
Pasadena, California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

Stephen Yagman appeals the district court's entry of summary judgment in

favor of the Bureau of Prisons ("BOP") in his action under the Freedom of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Information Act, 5 U.S.C. § 552 ("FOIA"), seeking the full name, prison number, and mailing address of every person in BOP custody.[1]  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing the district court's findings of fact for clear error, its conclusions of law regarding the applicability of a FOIA exemption de novo, and its decisions concerning discovery for abuse of discretion, *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134-35 (9th Cir. 2008), we affirm.

1.  The district court properly concluded that FOIA Exemptions 6[2] and 7(C)[3] apply because disclosure of the requested documents would constitute an invasion of the inmates' privacy, and Yagman failed to demonstrate how disclosure of the information would further the public's interest in shedding light on government action.  *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 973 (9th Cir.

---

[1] Yagman does not appeal the district court's decision regarding his FOIA actions against Defendants-Appellees Department of Justice, Federal Bureau of Investigation, Office of Information Policy, United States Treasury Department, and the Internal Revenue Service Commissioner.  The government requests that we dismiss these named Defendants-Appellees from this appeal.  We GRANT the government's request.

[2] 5 U.S.C. § 552(b)(6) exempts "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

[3] 5 U.S.C. § 552(b)(7)(C) exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."

2009) (explaining that "we must balance the privacy interest protected by the exemptions against the public interest in government openness that would be served by disclosure"); *Prudential Locations LLC v. U.S. Dep't of Hous. & Urban Dev.*, 739 F.3d 424, 431 (9th Cir. 2013) (listing stigma as a recognized non trivial privacy interest). Yagman's other arguments are unpersuasive. *See Yonemoto v. Dep't of Veteran Affairs*, 686 F.3d 681, 694 (9th Cir. 2011) (emphasizing that a FOIA requestor's "particular reasons for requesting the information are irrelevant"); *Fiduccia v. U.S. Dep't of Justice*, 185 F.3d 1035, 1047-48 (9th Cir. 1999) (affirming summary judgment under Exemption 7(C) even though the individuals' names had already been disclosed in earlier publicity).

The district court also properly concluded that FOIA Exemption 7(F)[4] applies. Even if we read Exemption 7(F) narrowly—as Yagman suggests—as only protecting individuals associated with law enforcement personnel, prison guards and inmates in witness protection programs fit this category. Because these exemptions were properly invoked, we need not address Yagman's arguments regarding 28 C.F.R. § 513.34(b).

2. The district court did not abuse its discretion in denying Yagman's

---

[4] 5 U.S.C. § 552(b)(7)(F) exempts "records or information compiled for law enforcement purposes" that "could reasonably be expected to endanger the life or physical safety of any individual."

request for discovery.  *Lane*, 523 F.3d at 1134.  The district court considered the declarations submitted in the *Vaughn* index and reasonably concluded that no factual dispute remained.

**AFFIRMED**.